IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Leslie R. Gitelman, | Civil Action No.: 2:21-cv-1696 |
|     Plaintiff, | |
| v. | |
| Dawne Wilkinson; The Travelers Companies, Inc.; and GEICO Casualty Company. | |
|     Defendants. | |

## BRIEF IN SUPPORT OF MOTION TO SEVER

AND NOW, comes Defendant GEICO Casualty Company (GEICO), by and through its attorneys, Summers, McDonnell, Hudock, Guthrie & Rauch, P.C., and sets forth the following Brief in Support of Motion to Sever Pursuant to Fed.R.Civ.P. 21 and in support thereof avers as follows:

On November 19, 2021, plaintiff filed a Complaint against this defendant which purports to set forth a claim for underinsured motorist (UIM) benefits. (The Complaint is 58 pages long, and the exhibits total 463 pages, so it is not attached hereto but should be readily obtainable from the ECF docket.) Paragraph 1 of the Complaint identifies GEICO as a defendant. Paragraphs 7 and 8 of the Complaint aver that GEICO issued an

insurance policy to plaintiff with stacked UIM limits of $600,000 and this policy was in effect at the time of plaintiff's accident on November 26, 2019. Paragraph 101 of plaintiff's Complaint contains a passing reference to the GEICO policy, and the ad damnum clause of the Complaint requests that this Honorable Court enter an Order ordering GEICO to compensate plaintiff up to the limits of her GEICO UIM policy. The remainder of plaintiff's Complaint sets forth in great detail an alleged fraudulent and criminal scheme by her former attorneys and Travelers to deny her a third party liability recovery against Co-Defendant Dawne Wilkinson to which she believes she is entitled.

Federal Rule of Civil Procedure 21 provides as follows:

> Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.

Because Rule 21 does not provide any standards by which district courts can determine if parties are misjoined, courts have looked to Rule 20 for guidance. Acevedo v. Allsup's Convenience Stores, Inc., 600 F.3d 516, 521 (5th Cir. 2010). Federal Rule of Civil Procedure 20 provides in relevant part as follows:

> (2) *Defendants*. Persons – as well as a vessel, cargo or other property subject to admiralty process in rem – may be joined in one action as defendants if:
>
> (A) Any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> (B) Any question of law or fact common to all defendants will arise in the action.

Although plaintiff has named Dawne Wilkinson as a defendant, her only allegation against Ms. Wilkinson is that she was driving the motor vehicle which struck her. Notably, the Complaint does not demand any damages from Ms. Wilkinson. As stated above, the

2

pith of plaintiff's Complaint alleges a criminal conspiracy and fraudulent scheme to deny her third party liability benefits under the Travelers policy which insured Ms. Wilkinson.

Any potential claim against GEICO arises out of the parties' contractual relationship. As such, while all of plaintiff's claims arise out of the November 26, 2019 accident, the similarities between the claims end there, and there are no common questions of law or fact. GEICO, as the UIM carrier, is certainly not jointly or severally liable with Wilkinson or Travelers. In addition, the burden of proof will be different with respect to each defendant. Plaintiff will have to prove her fraud claim against Travelers by clear and convincing evidence. Kostryckyj v. Pentron Lab. Techs., LLC, 52 A.3d 333, 338-39 (Pa. Super. 2012). "Clear and convincing evidence is the highest burden in our civil law and requires that the fact-finder be able to come to a clear conviction, without hesitancy, of the truth of the precise fact in issue." Spaw v. Springer, 715 A.2d 1188, 1189 (Pa. Super. 1998). The burden of proof in a UIM case is the ordinary civil standard of a mere preponderance of the evidence. Snyder v. Gravell, 666 A.2d 341, 343 (Pa. Super. 1995) ("The party having the burden of proof in a contract matter must sustain it by a 'preponderance of the evidence.'") Given the different burdens of proof applicable to plaintiff's claims, there is a high likelihood of jury confusion. Aside from the fact that they arise out of the same accident, plaintiff's claims against GEICO and Travelers are wholly dissimilar. In order to avoid unfair prejudice to GEICO, this Honorable Court should exercise its discretion and sever plaintiff's claims against GEICO from the claims against Travelers.

WHEREFORE, defendant respectfully requests that this Honorable Court grant this Motion and enter an Order severing plaintiff's claims against GEICO from the claims

against Travelers.

**<u>JURY TRIAL DEMANDED</u>**

                        Respectfully submitted:

By:     /s/ Joseph A. Hudock, Jr.
Joseph A. Hudock, Jr.
Pa. ID 66064
Summers, McDonnell, Hudock,
Guthrie & Rauch, P.C.
707 Grant Street, 24th Floor
Pittsburgh, PA 15219
(412) 261-3232
(412) 261-3239 (fax)
jhudock@summersmcdonnell.com
Counsel for Defendant
GEICO Casualty Company