\*\* INBOUND NOTIFICATION : FAX RECEIVED SUCCESSFULLY \*\*

| TIME RECEIVED | REMOTE CSID | DURATION | PAGES | STATUS |
|---|---|---|---|---|
| January 14, 2022 at 8:18:02 PM EST | 412 833 4924 | 519 | 17 | Received |

Jan 14 2022 08:09PM 4128334924 412-833-4924                     page 1

# Leslie R. Gitelman

2620 Quail Hill Drive
Pittsburgh, PA 15241
Phone: 412.833.4924
E-mail: LRGitelman@Aol.com

January 14, 2022

Fax Transmission

To: U.S. District Court Judge William S. Stickman IV

From: Leslie R. Gitelman, Pro Se Plaintiff in Docket Number: 2:21-cv-1696

Fax Number: 412-208-7397

17 Total Pages with this Cover

Dear Judge Stickman:

My filing access to the Court's Electronic Case Filing ("E.C.F.") system is not responding to my request to file the attached Response to Motion to Sever in the above referenced matter. I've attempted to file this Response multiple times and the E.C.F. system is not permitting me to file. Additionally, I've placed telephone calls to the PACER service center, but no one answers.

This filing is due in your chambers by 11:59:59 P.M., Friday, January 14, 2022, and with this facsimile to you, I'm respectfully submitting the attached document to the court.

I will email a copy of this Response to all parties as described in the Certificate of Service appearing on pages 15-16. Also, I will be contacting the PACER service center on Monday.

Very truly yours,

*Leslie R. Gitelman*

Leslie R. Gitelman

LRG:lrg

Attachment

1. 16 Pages, As Described

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Leslie R. Gitelman, | ) | Civil Action No.: 2:21-cv-1696 |
| | ) | |
| PLAINTIFF | ) | |
| | ) | |
| v. | ) | William S. Stickman IV, District Judge |
| | ) | |
| Dawne Wilkinson; The Travelers | ) | |
| Companies Inc.; and GEICO Casualty | ) | |
| Company. | ) | |
| | ) | |
| DEFENDANTS. | ) | |

## RESPONSE TO MOTION TO SEVER

I, Leslie R. Gitelman, on my own behalf and representing myself pro se, hereby

make and file this response to motion to sever ("Response") in reply to the December

13, 2021 motion to sever filed on behalf of GEICO Casualty Company ("Geico")

("Motion to Sever") by Joseph A. Hudock, Jr. ("Hudock") of the law firm Summers,

McDonnell, Hudock, Guthrie & Rauch, P.C. ("Summers McDonnell"). As detailed in the

following paragraphs, Hudock's Motion to Sever should be denied in its entirety

because it:

a.     fails to completely and correctly apply Rule 20 of the Federal Rules of

Civil Procedure ("Rule 20");

1

b.      incorrectly applies *Acevedo v. Allsup's Convenience Stores, Inc.* 600 F. 3d 516, 521(5th Cir. 2010) ("Acevedo");

c.      incorrectly applies *Kostryckyj v. Pentron Lav. Techs., LLC*, 52 A. 3d 333, 338-39 (Pa. Super. 2012) ("Kostryckyj");

d.      incorrectly applies *Spaw v. Springer*, 715 A. 2d 1188 1189 (Pa. Super. 1998) ("Spaw");

e.      incorrectly applies *Snyder v. Gravell*, 666 A. 2d 341, 343 (Pa. Super. 1995) ("Snyder");

f.      inappropriately and possibly unethically attempts to steer this District Court's attention to Dawne Wilkinson's ("Wilkinson") personal resources as a source to pay for damages that should be cured by The Travelers Companies, Inc. ("Travelers") and Geico;[1]

g.      inaccurately and possibly unethically states: "GEICO, as the UIM carrier, is certainly not jointly or severally liable with Wilkinson or Travelers.";[2]

h.      inaccurately and possible unethically states: "In addition, aside from the fact that they arise out of the same accident, plaintiff's claims against GEICO and Travelers are wholly dissimilar.;"[3]

---

[1] Motion to Sever, pgs. 2-3, para. 9.

[2] Motion to Sever, pg. 3, para. 13.

[3] Motion to Sever, pg. 4, para. 19.

i.   is logically contradictory in its "Jury Trial" demand; and[4]

j    appears to violate the plain language requirements of the Berkshire

Hathaway Inc. ("Berkshire") *Code of Business Conduct and Ethics* ("Code

of Conduct").

## A.   Incomplete and Incorrect Application of Rule 20

1.   The Motion to Sever's paragraphs 6-8 reference Rules 20 and 21 from the

Federal Rules of Civil Procedure. And while the quoted material from these rules

appears to be correctly included in these paragraphs, the quote from Rule 20 in

paragraph 8 is curiously missing Rule 20, (a) (3), which states in its entirety:

> "*Extent of Relief.* Neither a plaintiff nor a defendant need be interested in
> obtaining or defending against all of the relief demanded. The court may grant
> judgment to one or more plaintiffs according to their rights, and against one or
> more defendants according to their liabilities."

With this additional relevant language identified and inserted, the correct application

and interpretation of Rule 20 to my Complaint is not to sever Geico. Why? Because

pursuant to Rule 20, this District Court has the authority to "...grant judgment to [me]

according to [my] rights and against [both Travelers and Geico] according to their

liabilities" as defined in the language of their respective insurance policies under

consideration by this District Court. My Complaint identifies and describes the limit of

the Travelers Policy at $500,000 and the Geico Policy at $600,000.[5]

---

[4] Motion to Sever, pg. 4, prayer for relief.

[5] Complaint, pgs. 4-5, paras. 6-8.

## B.    Incorrect Application of Acevedo

2.      And with Rule 20 completely and correctly quoted and applied, the Motion

to Sever incorrectly applies Acevedo. With Acevedo being an "...action [by Acevedo

and 800 of Acevedo's co-workers] against their employer, seeking payment of unpaid

wages and overtime under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-19

(2006)," the issue of joinder is with respect to Acevedo and the other appellants as

plaintiffs, not defendants.[6] In the Motion to Sever, Hudock cites Acevedo, but reverses

its applicability to joinder because Geico is a defendant, not a plaintiff, before this

District Court. Yet, Acevedo still has relevance because it cites *Applewhite v.*

*Reichhold Chems., Inc.*, 67 F.3d 571, 574 n. 11 (5th Cir.1995) ("Applewhite") and

*United Mine Workers v. Gibbs*, 383 U.S. 715, 724, 86 S.Ct. 1130, 16 L.Ed.2d 218

(1966) ("United Mine").[7] In Applewhite and United Mine, the court wrote:

> "('Under the Rules, the impulse is towards entertaining the broadest possible
> scope of action consistent with fairness to the parties; joinder of claims, parties
> and remedies is strongly encouraged.'). However, even if this test is satisfied,
> district courts have the discretion to refuse joinder in the interest of avoiding
> prejudice and delay, *Applewhite*, 67 F.3d at 574, ensuring judicial economy,
> *Morris v. Northrop Grumman Corp.*, 37 F.Supp.2d 556, 581 (E.D.N.Y.1999), or
> safeguarding principles of fundamental fairness. *Coleman v. Quaker Oats Co.*,
> 232 F.3d 1271, 1296 (9th Cir.2000)."[8]

And with this plain language in hand, the Motion to Sever should be denied in its

entirety because granting it would promote "prejudice and delay," deny "judicial

---

[6]  Acevedo, 600 F.3d 518, para. 1.

[7]  Acevedo, 600 F.3d 521, para. 2.

[8]  Id.

4

economy," and harm the "principles of fundamental fairness."[9] The correct application

of Acevedo is as a justification for joining, not separating, Wilkinson, Travelers, and

Geico as defendants in my Complaint.

## C.   Incorrect Application of Kostryckyj

3.   Kostryckyj isn't relevant to the facts in my Complaint because it's a

Pennsylvania Workers Compensation Act ("W.C.A.") case, to wit:

> "[Husband Kostryckyj] has worked as a dental technician for nearly 30 years for several different dental laboratories. Specifically, from 1980 until 1982, he performed various procedures including, but not limited [to], casting, cutting, grinding and polishing dental alloys containing beryllium.[Footnote omitted.]"[10]

The facts in my Complaint deal with the consequences and harm caused by Wilkinson

hitting me with her vehicle on November 26, 2019 ("M.V.A.") and the applicable law is

the Pennsylvania Motor Vehicle Financial Responsibility Law ("M.V.F.R.L."), not the

W.C.A.[11] And the court's decision in Kostryckyj makes direct reference to the W.C.A.,

not the M.V.F.R.L., to wit:

> "Based upon the foregoing, we hold that Husband and Wife failed to set forth a *prima facie* case of fraudulent misrepresentation necessary to satisfy the *Martin* exception to the exclusivity of the WCA. Accordingly, we affirm."[12]

## D.   Incorrect Application of Spaw

4.   The facts in Spaw deal with "...a paternity suit," in which the appellant

Spaw, "...charge[d] [appellee Springer] is the father of [Spaw's] son born February 20,

---

[9]  Id.

[10]  Kostryckyj, 52 A.3d 334, para. 3.

[11]  Complaint, pgs. 28-30, paras. 52-64.

[12]  Kostryckyj, 52 A.3d 340, para. 5.

5

1995."[13] In reading the Spaw decision as research for drafting this pleading, I didn't

understand how Spaw applied to my Complaint, but did note that the court in Spaw

referred to the Pennsylvania Rules of Civil Procedure Rule 126. Liberal Construction

and Application of Rules ("Rule 126"), which states:

> "The rules shall be liberally construed to secure the just, speedy and inexpensive
> determination of every action or proceeding to which they are applicable. The
> court at every stage of any such action or proceeding may disregard any error or
> defect of procedure which does not affect the substantial rights of the parties."[14]

And as applied to the facts in my Complaint, Spaw further reinforces the points made in

Acevedo, as quoted and applied in paragraph 2 above, that "...the substantial rights of

the parties" should be the controlling consideration in its consideration of the Complaint,

with the emphasis being on eliminating "prejudice and delay," ensuring "judicial

economy," and focusing on the "principles of fundamental fairness."[15]

## E.   Incorrect Application of Snyder

5.      The facts in Snyder deal with a "...Pennsylvania Wild Card Lotto jackpot,

valued at $9,816,058.56."[16] As the court summarized in Snyder:

> "On September 28, 1992, appellants filed a suit in equity against appellees
> Gravel and D'Adamo. The essence of the complaint was that the lottery group
> constituted a joint venture, and that appellees had committed fraud, breached
> their fiduciary duties to their fellow joint venturers, and breached the unwritten

---

[13]  Spaw, 715 A.2d 1189, paras. 1-2.

[14]  Id., pg. 1190, para. 1, final sentence, footnote 1.

[15]  *Supra* para. 2.

[16]  Snyder, 666 A.2d 342, para. 1.

joint venture agreement. Appellees filed a counterclaim seeking interest on the winnings that had been withheld, along with lost opportunity costs."[17]

Consistent with the deficiencies and limitations of the previously cited cases in the Motion to Sever, Snyder does not appear relevant to the facts in my Complaint.

**F.    Issue of Wilkinson's Resources as a Source to Pay for Damages**

6.    Sentence 2 of the Motion to Sever's paragraph 9, states: "Notably, the Complaint does not demand any damages from Ms. Wilkinson."[18] To be clear, Travelers wrote an automobile insurance policy on Wilkinson that was valid and in effect at the time of the M.V.A. ("Travelers Policy").[19] The Travelers Policy covers Wilkinson and the harm she did to me resulting from the M.V.A., but my automobile insurance policy, written by Geico ("Geico Policy"), also covers me for damage resulting from the M.V.A."[20] With both the Travelers Policy and the Geico Policy being in effect, valid, and relevant to the facts in the Complaint, I can't understand why Hudock's Motion to Sever would put in writing that it's "notabl[e]" that my Complaint doesn't "demand any damages from Ms. Wilkinson."[21] As an attorney, does Hudock think it's a good idea to ignore Pennsylvania insurance law and imply that Wilkinson's assets should take priority over the financial resources of Travelers and Geico? I haven't the

---

[17] Id. para. 2. and top of pg. 343.

[18] Motion to Sever, pg. 3, top of page.

[19] Complaint, pgs. 4-5, paras. 6-8.

[20] Id.

[21] Id.

7

faintest idea why Hudock would imply that, but its mere suggestion strikes me as

blatantly inaccurate and possibly unethical.

## G.     Issue of Geico as U.I.M. Carrier

7.     The Motion to Sever's paragraph 13 states: "GEICO, as the UIM carrier, is

certainly not jointly or severally liable with Wilkinson or Travelers."[22]   The assertion in

this sentence is false. Geico is "jointly and severally liable" with Wilkinson and

Travelers, but Geico's liability is as the U.I.M. carrier and recent federal case law makes

that clear, to wit:

> *Eberly v. Firemen's Insurance Company of Washington, D.C.; Berkley Insurance Company; Berkley Mid-Atlantic Group*, U.S.D.C. Ed. Pa. 5:20-cv-05471 July 13, 2021 before Judge Joseph F. Lesson, Jr., Opinion, page 6, footnote 2: ""UM [uninsured motorist] coverage applies when an insured suffers injury or damage caused by a third-party tortfeasor who is uninsured, whereas UIM coverage is triggered when a third-party tortfeasor injures or damages an insured and the tortfeasor lacks sufficient insurance coverage to compensate the insured in full. Stacking refers to the practice of combining the insurance coverage of individual vehicles to increase the amount of total coverage available to an insured." [Quoting] *Gallagher v. GEICO Indem. Co.*, 201 A.3d 131, 132 n.1 (Pa. 2019)."

To be accurate, clear, and specific, Geico is directly connected and joined to the facts

in the Complaint by the M.V.F.R.L. At the time of the M.V.A., Wilkinson was insured by

Travelers and I was insured by Geico, so both the Travelers Policy and the Geico Policy

are relevant in the Complaint. What hasn't happened is an accurate, complete, and full

economic valuation of the harm done to me by the M.V.A. With that calculation

complete, Travelers would be liable for the calculated damage between $1.00 and

$500,000, and Geico, as my U.I.M. carrier, would be liable for the damage between

$500,001 and $1,100,000, or the Total Coverages Limit as defined and described in my

---

[22] Motion to Sever, pg. 3, para. 13.

Complaint.[23] And any assertion by Geico, Hudock, or Summers McDonnell that "Geico

is not "jointly and severally liable" strikes me as inaccurate and possibly unethical.

### H.     Issue of My Claim Against Geico

8.      The Motion to Sever's paragraph 19 states: "In addition, aside from the

fact that they arise out of the same accident, plaintiff's claims against GEICO and

Travelers are wholly dissimilar."[24] Here again, the assertion in this sentence is false.

As I've already made clear, and as the Motion to Sever correctly notes, my claims

against Travelers and Geico "...arise out of the same accident," but where the claims

differ is in the layer of insurance provided by each carrier.[25] My claim against Travelers

is a "Bodily Injury and Property Damage" claim under the Travelers Policy and my claim

against Geico is through the "Underinsured Motorist" coverage of my Geico Policy.[26]

The only things that are "dissimilar" about Travelers and Geico is the name of the

company, the applicable policies, the applicable coverages thereunder, and the

applicable limits thereof.

### I.     Issue of Jury Trial Demand

9.      The Motion to Sever's paragraph 19 states: "Given the different burdens

of proof applicable to plaintiff's claims, there is a high likelihood of jury confusion."[27] In

---

[23] Complaint, pg. 5, para. 8.

[24] Motion to Sever, pg. 4, para. 19.

[25] Id.

[26] Complaint, pgs. 4-5, paras. 6-8, and Exhibit A, pg. Ex. 7 and Exhibit B, pgs. Ex. 19-22.

[27] Motion to Sever, pg. 3, para. 18.

this specific limited regard, I agree with Hudock's contention that "jury confusion" could be an issue in this District Court's consideration of my Complaint and that's specifically why I waived a jury demand in my Complaint.[28] As I made clear in that writing, "The applicable law in this Complaint is Pennsylvania Code Title 75, Chapter 17, the Motor Vehicle Financial Responsibility Law."[29] My Complaint is accurate, specific, and replete with factual precision and supporting documentation. Consequently, and with some additional information that can added to the docket in the near future (e.g., an accurate and complete calculation of the harm I received resulting from the M.V.A.), I believe this litigation is suitable for a bench trial before this District Court as soon as practicable. Involving a jury in the deliberation of the Complaint would needlessly and pointlessly amplify procedural complexity, deny judicial economy, and burden the principles of fundamental fairness. At this point, I don't understand why Hudock or Geico would ever want a jury to hear the facts in this litigation. And that's exactly why I find the Motion to Sever's "Jury Trial Demanded" notation logically contradictory and utterly baffling.[30]

## J.    **Relevance of Berkshire's Code of Conduct**

10.    In this litigation, I'm a pro se plaintiff seeking relief from this District Court against defendants Wilkinson, Travelers, and Geico pursuant to the M.V.F.R.L. With this Response, I'm disclosing that I'm a shareholder in Berkshire Hathaway, Inc.

---

[28] Complaint, Title Page caption, also "JS 44, Civil Cover Sheet" at "V.II. Requested In Complaint: Jury Demand: No."

[29] Complaint, pg. 3, para. 3.

[30] Motion to Sever, pg. 4, following prayer for relief.

("Berkshire") and the Berkshire shares I own are Class B Common Stock ("Class B

Stock").

11.    Defendant Geico is a wholly-owned subsidiary of Berkshire.[31] I purchased

the Geico Policy at issue in this litigation without a discount or other favorable

consideration or treatment asked for by me, or offered by Geico or Berkshire.

12.    Berkshire's Class B Stock trades on the New York Stock Exchange

("N.Y.S.E.") and as such is regulated by the United States Securities and Exchange

Commission ("S.E.C."). Pursuant to various requirements of the N.Y.S.E. and S.E.C.,

Berkshire has a Code of Business Conduct and Ethics ("Code of Conduct"). The Code

of Conduct is publicly available on Berkshire's website.[32] In relevant parts, the Code of

Conduct states:

A.    Page 1, A. Scope: "This Code of Business Conduct and Ethics applies to all Berkshire Hathaway directors, officers and employees, as well as to directors, officers and employees of each subsidiary of Berkshire Hathaway. Such directors, officers and employees are referred to herein collectively as the "Covered Parties." Berkshire Hathaway and its subsidiaries are referred to herein collectively as the "Company.".[33]

B.    Page 1, B. Purpose, Para. 1: "To this end, this Code of Business Conduct and Ethics serves to (1) emphasize the Company's commitment to ethics and compliance with the law; (2) set forth basic standards of ethical and legal behavior; (3) provide reporting

---

[31] Complaint, Exhibit B, Ex. 26 at "What's the connection with Berkshire Hathaway?"

[32] See: Berkshire's Code of Conduct at: https://www.berkshirehathaway.com/govern/ethics.pdf.

[33] Id.

11

mechanisms for known or suspected ethical or legal violations; and (4) help prevent and detect wrongdoing.";[34]

C.  <u>Page 2, C. Ethical Standards, 3. Fair Dealing, Para. 1</u>: "Covered Parties shall behave honestly and ethically at all times and with all people. They shall act in good faith, with due care, and shall engage only in fair and open competition, by treating ethically competitors, suppliers, customers, and colleagues. Stealing proprietary information, possessing trade secret information that was obtained without the owner's consent, or inducing such disclosures by past or present employees of other companies is prohibited. No Covered Party should take unfair advantage of anyone through manipulation, concealment, abuse of privileged information, misrepresentation of material facts, or any other unfair practice.";[35]

D.  <u>Page 3, C. Ethical Standards, 7. Compliance with Laws, Rules and Regulations, Para. 1</u>: "Obeying the law, both in letter and in spirit, is the foundation on which the Company's ethical standards are built. In conducting the business of the Company, the Covered Parties shall comply with applicable governmental laws, rules and regulations at all levels of government in the United States and in any non-U.S. jurisdiction in which the Company does business."; and[36]

E.  <u>Page 4, E. Violations of Ethical Standards, 1. Reporting Known or Suspected Violations. Para. 1</u>: "The Company's directors, CEO, senior financial officers and chief legal officer shall promptly report any known or suspected violations of this Code to the Chairman of the Company's Audit Committee."

13.  The chairperson of Berkshire's Audit Committee is: Ms. Susan L. Decker ("Decker").[37] Decker has been a member of Berkshire's Board of Directors since

---

[34] Id.

[35] Id.

[36] Id.

[37] See: Berkshire S.E.C. Proxy Statement, May 1, 2021, pg. 11 at "Report of the Audit Committee." Source: https://www.berkshirehathaway.com/2021ProxyStmt.pdf.

2007.[38] Berkshire notes in its May 1, 2021 S.E.C. Proxy Statement ("Proxy"):

> "Shareholders and other interested parties who wish to communicate with the Board of Directors or a particular director may send a letter to the Secretary of the Corporation at 3555 Farnam Street, Omaha, NE 68131."[39]

14.    As described and explained above, in my reading of the Motion to Sever, it: (i) incompletely and incorrectly quotes Rule 20, (ii) incorrectly applies Acevedo, Kostryckyj, Spaw, and Snyder, (iii) inaccurately, inappropriately, and possibly unethically attempts to distract this District Court's attention away from Travelers as Wilkinson's insurer, and (iv) plainly misrepresents Geico's role as the applicable U.I.M. carrier in this litigation.

15.    As the only victim in the M.V.A. and now a pro se plaintiff, I'm baffled as to why the type of writing on display in the Motion to Sever is necessary, or even appropriate. Beyond that, the Fraud Scheme I describe in the Complaint doesn't reference or identify Geico at all.[40] As such, and only from my perspective, if Geico has done nothing wrong, Hudock and Summers McDonnell shouldn't want or need to sever Geico.

16.    The correct action by this District Court is to completely deny the Motion to Sever because joining the defendants avoids prejudice and delay, ensures judicial economy, and works to safeguard the principles of fundamental fairness.

---

[38]  Berkshire Proxy, pg. 3, para. 1.

[39]  Proxy, at "Communications with the Board of Directors," pg. 11, para. 1.

[40]  Complaint, pg. 31, para. 66 to pg. 55, para. 100.

13

**WHEREFORE**, I, Plaintiff Leslie R. Gitelman, representing myself pro se, request
this District Court to completely DENY the Motion to Sever, leaving defendants Dawne
Wilkinson, The Travelers Companies, Inc., and Geico Casualty Company joined
pursuant to the Federal Rules of Civil Procedure.

Respectfully submitted,

*Leslie R. Gitelman*

Leslie R. Gitelman

14

## CERTIFICATE OF SERVICE

I, Leslie R. Gitelman, Esquire, do hereby certify that a true and correct copy of

the within **RESPONSE TO MOTION TO SEVER** was served upon the following on the

14th day of January, 2022 via electronic filing using the District Court's Electronic Case

Filing ("E.C.F.") System:

DEFENDANT 1                                                        Email Address:
Ms. Dawne Wilkinson, represented by:
Mark R. Lane, Esquire                                          mrl@dellmoser.com
Dell, Moser, Lane & Loughney, LLC
Two Chatham Center, Suite 1500
112 Washington Place
Pittsburgh, PA 15219
(Counsel for Dawne Wilkinson)

DEFENDANT 2
The Travelers Companies, Inc., represented by:
Alan S. Miller, Esq.                                           milleras@hh-law.com
Corey A. Bauer, Esq.                                           bauerca@hh-law.com
Houston Harbaugh, P.C.
Three Gateway Center
401 Liberty Avenue, 22nd Floor
Pittsburgh, PA 15222
(Counsel for The Travelers Companies, Inc.)

DEFENDANT 3
GEICO Casualty Company, represented by:
Joseph A. Hudock, Jr., Esq.                    jhudock@summersmcdonnell.com
Summers, McDonnell, Hudock, Guthrie & Rauch, P.C.
707 Grant Street, 24th Floor
Pittsburgh, PA 15219
(Counsel for GEICO Casualty Company)

with timely transmission of a complete copy of the same via electronic service to the

email address which appears above for each individual.  This document is available for

viewing and downloading from the District Court's E.C.F. System.

*Leslie R. Gitelman*

**LESLIE R. GITELMAN**
**Pro Se Plaintiff**
2620 Quail Hill Drive
Pittsburgh, PA 15241
Telephone: 412-833-4924
Email: LRGITELMAN@AOL.COM
PA BAR ID: 61682, Status: Retired