IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LESLIE R. GITELMAN,<br><br>                *Plaintiff,*<br><br>v.<br><br>DAWNE WILKINSON, THE TRAVELERS COMPANIES, INC. and GEICO CASUALTY COMPANY,<br><br>                *Defendants.* | Civil Action No. 2:21-cv-1696<br><br>Hon. William S. Stickman IV |

## MEMORANDUM OPINION

WILLIAM S. STICKMAN IV, United States District Judge

*Pro se* Plaintiff Leslie Gitelman ("Gitelman"), a retired attorney, was walking along Redfern Drive in Allegheny County on November 26, 2019, when a motorist, Dawne Wilkinson ("Wilkinson"), struck her. She sued Wilkinson in the Civil Division of the Allegheny County Court of Pleas at Docket No. GD-20-011007 and entered into a settlement agreement with Wilkinson for $150,000.00. At some point, Gitleman became dissatisfied with her attorney, George M. Kontos ("Kontos") and his negotiation of the settlement. Gitelman refused to sign the release required by the settlement agreement. Wilkinson filed a Petition to Enforce the Settlement Agreement. The Honorable Michael A. Della Vecchia issued an April 8, 2021 Order granting Wilkinson's petition, which stated in pertinent part,

> Leslie R. Gitelman's claims against Dawne Wilkinson are released in exchange for a settlement of $150,000.00 pursuant to the terms of the written release attached to the Petition to Enforce the Settlement at Exhibit A, and the terms of the Power of Attorney/Fee Agreement between Leslie R. Gitelman and George M. Kontos are ORDERED to be enforced. The Petitioner, Dawne Wilkinson, through her insurance carrier, shall pay Leslie R. Gitelman $100,422.47, and to George M. Kontos for $49,577.53.

1

(ECF No. 1, pp. 14-15, 21-25, 62; ECF No. 1-14, p. 2; ECF No. 1-17; ECF No. 1-21, pp. 5-16, 20). The release to the settlement agreement stated that Gitelman, as Releasor, would:

> hereby release and forever discharge Dawne Wilkinson and Travelers Property Casualty Insurance Company, and (his/her/their/its) successors and assigns (hereinafter "Releasee(s)") and any other person, corporation, association or partnership allegedly responsible for injuries to the person and/or property of Releasors, and any other claims, demands, causes of action, damages, losses, judgments, actions or lawsuits, known or unknown, anticipated or unanticipated against Releasee(s) as a result of an accident, incident, casualty or event (the "Incident") which occurred or is alleged to have occurred on November 2019 in Upper St. Clair, PA.

(ECF No. 1-21, p. 14). On August 4, 2021, Gitelman appealed to the Pennsylvania Superior Court at No. 876 WDA 2021.[1] (ECF No. 1 ¶¶ 27, 36, 40, 61, 101; ECF No. 1-14). The Travelers Companies, Inc. ("Travelers"), Wilkinson's automobile insurance carrier, issued a $100,422.47 settlement check to Gitelman on July 12, 2021, and a $49,577.53 check to attorney Kontos. (ECF No. 1, p. 24) (ECF No. 1-14, p. 2; ECF No. 1-15; ECF No. 1-16, p. 8). Gitelman never deposited the check issued to her. (ECF No. 1, p. 24).

Notwithstanding her state court action, Gitelman brought this lawsuit against Wilkinson, Travelers, and her own automobile insurance carrier, GEICO Casualty Company ("GEICO"). (ECF No. 1). In her Complaint, Gitelman advances several theories of criminal liability against her former attorneys as well as an attorney (Elizabeth Farnia Collura ("Collura")) and a claim professional (Mark W. Scott "Scott") who are employed by Travelers. Gitelman alleges that they

---

[1] Her appeal was submitted to a three-judge panel on March 7, 2022 for adjudication. *See* https://ujsportal.pacourts.us/Report/PacDocketSheet?docketNumber=876%20WDA%202021&dnh=NQsWegI88Mz7J2baFce7LQ%3D%3D (last accessed on 3/21/22). The Court may consider matters of which it may take judicial notice including matters of public record, like the public docket sheets. *See Zedonis v. Lynch*, 233 F. Supp. 3d 417, 422 (M.D. Pa. 2017) ("[D]ocket sheets are public records[ ] of which this court may take judicial notice in deciding a motion to dismiss." (citation omitted)).

acted fraudulently and criminally conspired to deny her a "fair and full" insurance settlement such that they defrauded her and Travelers. (ECF No. 1, pp. 35-36, 43-60). Construing the Complaint liberally, Gitelman alleges that she is entitled to further relief under the Pennsylvania Motor Vehicle Financial Responsibility Law ("MVFRL"), 75 Pa.C.S. §§ 1701-1799.7.[2] (ECF No. 1, pp. 7, 34, 60-61). She includes a "Bodily Injury and Property Damage" claim against Travelers, and an underinsured motorist ("UIM") benefits claim against GEICO. (ECF No. 1, pp. 8-9, 60-61).

Currently pending before the Court is Wilkinson's Motion to Dismiss Complaint Pursuant to Federal Rules of Civil Procedure 12(b) and 12(f). (ECF No. 14). Also pending before the Court is Travelers' Motion to Dismiss Plaintiff's Complaint. (ECF No. 17). For the following reasons, both motions will be granted and Wilkinson and Travelers will be terminated as parties in this case.

## I.     WILKINSON'S MOTION TO DISMISS

Wilkinson advances a number of alternative arguments as to why her motion should be granted, including: the Court's lack of subject matter jurisdiction; Gitelman's failure to comply with Federal Rules of Civil Procedure 8 and 10; Gitelman's failure to state a claim under Pennsylvania law; and that Gitelman's claim is an "impermissible" collateral attack on a pending state court action. (ECF Nos. 14, 15, and 21). The Court's analysis must begin with an examination of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) ("Rule 12(b)(1)"). (ECF No. 14, pp. 5-10). For the following reasons, the Court finds that there is no

---

[2] "[T]he MVFRL is comprehensive legislation governing the rights and obligations of the insurance company and the insured under liability insurance policies covering motor vehicles." *Rush v. Erie Ins. Exch.*, 265 A.3d 794, 796 (Pa. Super. 2021) (quoting *Sayles v. Allstate Ins. Co.*, 219 A.3d 1110, 1124 (Pa. 2019)).

3

subject matter jurisdiction as to Wilkinson. It will grant her motion, dismiss all claims against her with prejudice, and terminate her as a party.

### A. Standard of Review; Rule 12(b)(1)

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). They have a continuing obligation to assess their subject-matter jurisdiction and can dismiss a suit *sua sponte* for lack of subject-matter jurisdiction at any stage in the proceeding. *See Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Under Federal Rule of Civil Procedure 12(b)(1), a court must grant a motion to dismiss if there is a lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A plaintiff bears the burden of persuasion that federal jurisdiction is present. *Saint Vincent Health Ctr. v. Shalala*, 937 F. Supp. 496, 501 (W.D. Pa. 1995) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

Jurisdictional challenges may be treated as either "facial" or as "factual." *See Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 357-58 (3d Cir. 2014). Here, the Court is presented with a facial attack, which "as the adjective indicates, is an argument that considers a claim on its face and asserts that it is insufficient to invoke the subject matter jurisdiction of the court because, for example, it does not present a question of federal law, or because there is no indication of a diversity of citizenship among the parties, or because some other jurisdictional defect is present." *Id.* at 358. "Such an attack can occur before the moving party has filed an answer or otherwise contested the factual allegations of the complaint." *Id.* (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 889-92 (3d Cir. 1977)). Thus, "a facial attack 'contests the sufficiency of the pleadings....'" *Id.* (quoting *In re Schering Plough Corp. Intron*, 678 F.3d 235, 243 (3d Cir. 2012)).

4

When analyzing a facial attack on subject-matter jurisdiction, "the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *In re Schering Plough Corp.*, 678 F.3d at 243.

"Thus, a facial attack calls for a district court to apply the same standard of review it would use in considering a motion to dismiss under Rule 12(b)(6), i.e., construing the alleged facts in favor of the nonmoving party." *Constitution Party of Pa.*, 757 F.3d at 358 (citing *In re Schering Plough Corp.*, 678 F.3d at 243). And, as previously noted, "[t]he person asserting jurisdiction bears the burden of showing that the case is properly before the court at all stages of the litigation." *Packard v. Provident Nat. Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

B. **Analysis**

Gitelman alleges a violation of the MVFRL. (ECF No. 1, p. 7; ECF No. 22, p. 8). She relies exclusively on diversity of citizenship under 28 U.S.C. § 1332(a) to provide the requisite jurisdictional basis for this lawsuit. (*Id.*, pp. 6-7). Section 1332(a)(1) gives district courts original jurisdiction to hear cases where the matter in controversy, exclusive of interests and costs, exceeds the value of seventy-five thousand dollars ($75,000) and is between citizens of different states. However, diversity of citizenship jurisdiction requires complete diversity as between the two sides in a dispute – that is, it "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996); *see Bumberger v. Ins. Co. of N. Am.*, 952 F.2d 764, 767 (3d Cir. 1991) ("[D]iversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff.") (quoting *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) (alteration and emphasis in original)).

Here, it is readily apparent that subject-matter jurisdiction is lacking. Gitelman is a Pennsylvania resident. Wilkinson is a Pennsylvania resident. Travelers is a Minnesota

5

Corporation headquartered in New York. Geico Casualty Company is a Maryland Corporation. (ECF No. 1, p. 6). Complete diversity of citizenship is lacking because Gitelman and Wilkinson are citizens of Pennsylvania. Gitelman, in her Response (ECF No. 19), does not dispute that complete diversity is lacking.

Pursuant to Rule 21 of the Federal Rules of Civil Procedure ("Rule 21"), a court may exercise its discretion to drop a nondiverse party in order to preserve diversity jurisdiction, provided that the nondiverse party is not "indispensable" under Federal Rule of Civil Procedure 19(b) ("Rule 19(b)"). *See Zambelli Fireworks Mfg. Co., Inc.*, 592 F.2d at 421; *see also* Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party."). A party is "indispensable if in the circumstances of the case they must be before the court." *Zambelli*, 592 F.3d at 421 (cleaned up). This requires determining "whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." *Id.* (quoting Fed. R. Civ. P. 19(b)). Essentially, a party is indispensable if judgment in their absence would be prejudicial to that party and other parties. *See* Fed. R. Civ. P. 19(b).

The current state of the record permits the Court to make the determination that Wilkinson is not an indispensable party. Gitelman successfully sued Wilkinson in the Allegheny County Court of Common Pleas. She entered into a settlement with Wilkinson for $150,000.00, which stated in pertinent part, "Leslie R. Gitelman's claims against Dawne Wilkinson are released in exchange for a settlement of $150,000.00 [. . .]." (ECF No. 1-14, p. 2; ECF No. 1-17). In this lawsuit, Gitelman has directed no counts against Wilkinson. She does not direct any theory of liability against Wilkinson, and she makes no demand for relief from Wilkinson. Gitelman explains that she named Wilkinson as a party because of her belief that, since Wilkinson drove the vehicle that hit her, she needed to "ensure clear and complete continuity from the M.V.A., to and

through Wilkinson, then to Travelers, and finally through to Geico." (ECF No. 19, p. 9). Gitelman acknowledges that "separating Wilkinson appears possible," because Wilkinson has no knowledge about valuing and settling bodily injury claims pursuant to the MVFRL. (ECF No. 19, pp. 9-10). What Gitelman is concerned about is that dismissal of Wilkinson would "impair, limit, or obstruct" her claim against Travelers and GEICO. (ECF No. 19, p. 11).

The Court's review of the factors under Rule 19(b) lead it to conclude that there will be no adverse consequences to Gitelman for proceeding without Wilkinson as a named defendant. None of the claims in the Complaint are directed at Wilkinson. Because of this, there is no judgment to obtain from Wilkinson. Wilkinson has no interest in this lawsuit; she has already settled Gitelman's claims against her in state court. She is not an indispensable party. The lack of subject matter jurisdiction compels the Court to grant Wilkinson's motion and terminate her as a party.

## II.  TRAVELER'S MOTION TO DISMISS

Gitelman has raised one claim against Travelers – a "Bodily Injury and Property Damage" claim. (ECF No. 1, pp. 8-9, 60-61). Travelers first seeks dismissal of the claim under Rule 12(b)(1) for lack of subject matter jurisdiction. The Court will not grant it relief on this basis because, after its dismissal of Wilkinson, complete diversity now exists. However, it holds for the following reasons that Travelers' request for dismissal under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") is appropriate. No viable claim for relief exists. Travelers will be dismissed as a party.

### A. Standard of Review; Rule 12(b)(6)

A motion to dismiss filed under Rule 12(b)(6) tests the legal sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). A plaintiff must allege sufficient facts that, if accepted as true, state a claim for relief plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court must

7

accept all well-pleaded factual allegations as true and view them in the light most favorable to a plaintiff. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009); *see also DiCarlo v. St. Mary Hosp.*, 530 F.3d 255, 262–63 (3d Cir. 2008). Although this Court must accept the allegations in the Complaint as true, it is "not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (citations omitted).

The "plausibility" standard required for a complaint to survive a motion to dismiss is not akin to a "probability" requirement but asks for more than sheer "possibility." *Iqbal*, 556 U.S. at 678 (*citing Twombly*, 550 U.S. at 556). In other words, the complaint's factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations are true even if doubtful in fact. *Twombly*, 550 U.S. at 555. Facial plausibility is present when a plaintiff pleads factual content that allows the court to draw the reasonable inference that a defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. Even if the complaint's well-pleaded facts lead to a plausible inference, that inference alone will not entitle a plaintiff to relief. *Id.* at 682. The complaint must support the inference with facts to plausibly justify that inferential leap. *Id.*

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). In practice, this liberal pleading standard works as "an embellishment of the notice-pleading standard set forth in the Federal Rules of Civil Procedure." *Castro v. United States*, 540 U.S. 375, 386 (2003) (Scalia, J., concurring). If a court can reasonably read the pleadings to state a valid claim on which a plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or unfamiliarity with

pleading requirements. *Boag v. MacDougall*, 454 U.S. 364, 364 (1982); *United States ex rel. Montgomery v. Brierley*, 414 F.2d 552, 555 (3d Cir. 1969). But even under this less stringent standard, a *pro se* complaint is still subject to dismissal. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

### B. Analysis

Gitelman is adamant that the only claim she is making against Travelers is one for bodily injury under the MVFRL. (ECF No. 22, p. 8). Because she never filed a claim against Travelers in state court, Gitelman states that she has filed this claim against it in federal court because it is "obligated to settle my bodily injury claim pursuant to the terms and coverages provided by the Total Coverages [. . .]." (ECF No. 1, p. 34). According to Gitelman, she has sufficiently stated a claim for relief on pages two through thirty of her Complaint. (ECF No. 22, p. 6). It is her position that, "[b]ecause I was hit by Wilkinson while walking, I'm a third party claimant and have a bodily injury claim against Travelers based on the terms of the Travelers Policy and the M.V.F.R.L. The "Bodily Injury and Property Damage" limit of the Travelers Policy is "$500,000 each accident." (ECF No. 1, p. 8) (ECF No. 1-1, p. 7). Travelers disagrees and argues that no legally cognizable claim against it exists. (ECF No. 24, p. 4). The Court concurs.

Gitelman is not a party to the automobile insurance policy Wilkinson had with Travelers. She is an injured third party. There is no contract of insurance between her and Travelers. Although she has already recovered from Wilkinson in state court (through Wilkinson's insurance policy with Travelers), she is now seeking coverage from Travelers under Wilkinson's insurance policy. This is precluded under Pennsylvania law.[3]

---

[3] In a diversity case such as this one, the Court is required to apply the choice of law rules of the forum state. *See, e.g., Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). Under Pennsylvania choice-of-law rules, the first step involves assessing whether a conflict exists between the substantive law of multiple jurisdictions. *See Auto-Owners Ins. Co. v. Stevens & Ricci*

9

It is well-settled under Pennsylvania law that an injured party has no right to directly sue the insurer of an alleged tortfeasor unless a provision of the policy or statute creates such a right. *See Bell v. Slezak*, 812 A.2d 566, 573 (Pa. 2002) (citation omitted); *see also Hicks v. Saboe*, 555 A.2d 1241, 1243 (Pa. 1989) (explaining that an insurer's duty to an insured does not run to third parties and noting a limited exception for intended third-party beneficiaries of the policy); *see also Apalucci v. Agora Syndicate, Inc.*, 145 F.3d 630, 632 (3d Cir. 1998) ("It is well-settled that under Pennsylvania law, an injured party has no right to directly sue the insurer of an alleged tortfeasor unless a provision of the policy or a statute create such a right."); *Strutz v. State Farm Mut. Ins. Co.*, 609 A.2d 569, 570 (Pa. Super. 1992) (rejecting an argument that persons injured in a car accident are third-party beneficiaries of the other driver's insurance policy and therefore could bring an action directly against the other driver's insurance company); *See also Kollar v. Miller*, 176 F.3d 175, 181 (3d Cir. 1999). Gitelman has not identified any portion of Wilkinson's insurance policy with Travelers that gives her a right to sue as a third-party claimant.[4] The Court's review of the insurance policy reveals no provisions which explicitly confer claimant status on Gitelman. (ECF No. 1-1). Under Pennsylvania law, Gitelman is limited to suit against the alleged

---

*Inc.*, 835 F.3d 388, 404 (3d Cir. 2016). But here, the parties have identified no such conflict and have litigated this case under Pennsylvania substantive law – the MVFRL. Therefore, the Court will assume Pennsylvania substantive law applies. *See Austin Powder Co. v. Popple Const. Inc.*, 167 F. App'x 931, 934 n. 1 (3d Cir. 2006) (where "parties have not addressed what law applies" and "cite only Third Circuit and Pennsylvania cases," courts may assume that Pennsylvania law applies without undertaking choice of law analysis). Thus, substantive issues should be decided as the Pennsylvania Supreme Court "would rule if it were deciding this case." *Auto-Owners Ins. Co.*, 835 F.3d at 403 (quoting *Norfolk S. Ry. Co. v. Basell USA Inc.*, 512 F.3d 86, 91–92 (3d Cir. 2008)).

[4] The interpretation of an insurance policy is a question of law for the Court. *See Pac. Indem. Co. v. Linn*, 766 F.2d 754, 760 (3d Cir. 1985); *401 Fourth St., Inc. v. Inv'rs Ins. Grp.*, 879 A.2d 166, 171 (Pa. 2005). When the language of the policy is clear, the Court can give effect to its plain meaning. *See Am. & Foreign Ins. Co. v. Jerry's Sport Ctr., Inc.*, 2 A.3d 526, 540 (Pa. 2010).

tortfeasor – Wilkinson. She has already asserted and settled her claim against Wilkinson in state court. Gitelman does not have a direct cause of action against Travelers. In sum, since Gitelman was not a party to the insurance contract she does not have standing to sue Travelers. She cannot bring a cause of action for bodily injury under the MVFRL against Travelers as Wilkinson's liability insurer in this Court.[5]

The Court will grant Traveler's motion and terminate it as a party.

### III.   CONCLUSION

By Orders of Court to follow, both Wilkinson's and Travelers' motions to dismiss will be granted, and they will be terminated as parties in this case.

BY THE COURT:

_____
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE

Dated: 3/24/22

---

[5] Because Gitelman settled her lawsuit with Wilkinson in state court, Travelers issued a settlement check to her in the amount of $100,422.47 on July 12, 2021. (ECF No. 1, p. 24) (ECF No. 1-14, p. 2; ECF No. 1-15; ECF No. 1-16, p. 8). Gitelman has never deposited the check because she believes that she has been defrauded and is entitled to receive a larger settlement under the terms of the insurance policies issued to her by GEICO and to Wilkinson by Travelers. (ECF No. 1, p. 24). As the Pennsylvania Superior Court noted in *Strutz*, an insurer owes no duty of good faith in dealing with third-party claimants: "the duty to negotiate a settlement in good faith arises from the insurance policy and is owed to the insured, not to a third-party claimant. By asserting its policy right to handle all claims, the insurer assumes a fiduciary position toward the insured and becomes liable to act in good faith and with due care in representing the interests of the insured." *Strutz*, 609 A.2d at 571 (holding that a third-party claimant cannot bring a cause of action for bad faith against an alleged tortfeasor's liability insurer). Thus, Gitelman does not have standing to sue Travelers for bad faith. And, although Gitelman has not asked to amend her Complaint, the Court would not permit her to do so under Federal Rule of Civil Procedure 15(a)(2) because nothing can cure the lack of a legally viable claim against Travelers; it would be an exercise in futility.